GEORGE C. CUBBLER, PLAINTIFF-APPELLANT, v. MICHAEL DI BENEDETTO & PASQUALE DI BENEDETTO, DE-FENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 29, 1952—Decided October 10, 1952.

38

Before Judges McGEEHAN, BIGELOW and SMALLEY.

*Mr. George C. Cubbler, pro se.*

PER CURIAM. George C. Cubbler brought suit in the Cumberland County District Court seeking to recover $309.00 from the defendants for work and labor performed during the period beginning November 10, 1946 and ending February 22, 1947. The case was tried before the judge sitting without a jury, and no stenographic record was made. The judge found "no cause for action" and judgment for the defendants was entered.

The plaintiff contends that the judgment should be reversed because "his rights were not properly protected in the court below by reason of the fact that his attorney * * * did not cause all of his witnesses to be subpoenaed." No

claim is made that the trial judge in any way restricted the plaintiff or the plaintiff's attorney in the presentation of the plaintiff's case at the trial, or that the plaintiff's attorney or the plaintiff sought an opportunity to present further evidence before judgment was pronounced. Under such circumstances, the judgment is not vitiated even if it be true that the plaintiff's attorney did fail to cause all of the plaintiff's witnesses to be subpoenaed.

The plaintiff also argues that the trial court erred in not giving judgment for the plaintiff on the evidence presented. This plaintiff-appellant failed to comply with *Rule* 1 :2–23, which provides:

"In the event no stenographic record of the evidence or proceedings at a hearing or trial was made, the appellant shall, within 10 days of the filing of the notice of appeal, prepare and serve on the respondent a statement of the evidence or proceedings from the best available sources, including his recollection, for use instead of a stenographic transcript. The respondent may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted forthwith to the court below for settlement and as settled and approved shall be included by the clerk of the court below in the record on appeal. The court below shall approve or disapprove the statement within 5 days after its submission."

Without such a statement as part of the record, we are unable to consider this argument. *Cf. State v. Miller,* 16 *N. J. Super.* 251 (*App. Div.* 1951), *cert.* denied *sub nom. Miller v. State of New Jersey,* 342 *U. S.* 934, 72 *S. Ct.* 379, 96 *L. Ed.* —— (1952).

Judgment affirmed.